## ALDRICH v. ALDRICH ET AL.

No. 55. Argued October 24, 1963.—Decided November 12, 1963, that questions be certified to Supreme Court of Florida.

*Herman D. Rollins* for petitioner.

*Charles M. Love* for respondents.

PER CURIAM.

It appearing that there are questions of Florida law that are determinative of this cause, with respect to which questions there seem to be no clear controlling precedents in the decisions of the Supreme Court of Florida, this Court desires to certify to the Supreme Court of Florida, pursuant to Rule 4.61 of the Florida Appellate Rules, the following questions:

1. Is a decree of alimony that purports to bind the estate of a deceased husband permissible, in the absence of an express prior agreement between the two spouses authorizing or contemplating such a decree?

2. If such a decree is not permissible, does the error of the court entering it render that court without subject matter jurisdiction with regard to that aspect of the cause?

3. If subject matter jurisdiction is thus lacking, may that defect be challenged in Florida, after the time for

appellate review has expired, (i) by the representatives of the estate of the deceased husband or (ii) by persons to whom the deceased husband has allegedly transferred part of his property without consideration?

4. If the decree is impermissible but not subject to such attack in Florida for lack of subject matter jurisdiction by those mentioned in subparagraph 3, may an attack be successfully based on this error of law in the rendition of the decree?

The petitioner, within 20 days of the date of this opinion, is directed to file with the Clerk of this Court a proposed certificate consistent with this opinion and conforming to the requirements of Rule 4.61, *supra,* with proof of service of a copy thereof on counsel for the respondents. Within 10 days thereafter the respondents may file with the Clerk of this Court proposed amendments. When the certificate has been settled it will be transmitted by the Clerk of this Court to the Clerk of the Supreme Court of Florida for appropriate action.

*It is so ordered.*