## ALDRICH *v.* ALDRICH ET AL.

No. 55.   Argued October 24, 1963.—Decided November 12, 1963, that questions be certified to Supreme Court of Florida.—Questions certified to Supreme Court of Florida December 16, 1963.

*Herman D. Rollins* for petitioner.

*Charles M. Love* for respondents.

PER CURIAM.

This Court, on its own motion, hereby certifies to the Supreme Court of Florida, pursuant to Rule 4.61, Florida Appellate Rules, the questions of law hereinafter set forth:

### STATEMENT OF FACTS.

Petitioner, Marguerite Loretta Aldrich, was granted a divorce from M. S. Aldrich by the Circuit Court of Dade County, Florida, by decree entered on May 31, 1945.   The jurisdiction of that court to award the divorce was not contested then, nor is it contested in this action.

The divorce decree awarded alimony to the plaintiff, in the following provision:

"4. That the defendant, Moriel Simeon Aldrich, be and he is hereby ordered and required to pay to the plaintiff, Marguerite Loretta Aldrich, the monthly sum of $250.00 as and for her permanent alimony, said sum to be paid to her monthly at the office of the Clerk of the Circuit Court of Miami, Dade County, Florida, and in the event the defendant, Moriel Simeon Aldrich, shall predecease the plaintiff, Marguerite Loretta Aldrich, said monthly sum of $250.00 shall, upon the death of said defendant, become a charge upon his estate during her lifetime; and this Court retains jurisdiction in respect thereto . . . ."

There was no prior express agreement between the parties that the estate would be bound. Subsequently, the divorce defendant petitioned the Florida court for a rehearing, which was denied, but the court reduced alimony from $250 to $215 per month. No appeal was taken by either party.

M. S. Aldrich died testate, a resident of Putnam County, West Virginia, on May 29, 1958. His will was duly probated in Putnam County and petitioner filed a claim against the estate for alimony which accrued after the death of M. S. Aldrich. The appraisal of the estate showed assets of $7,283.50. Petitioner commenced this action in the Circuit Court of Putnam County, West Virginia, in order to have her rights in the estate determined. She also demanded that certain allegedly fraudulent transfers of real and personal property made by M. S. Aldrich be set aside and the properties which were the subject of such transfers administered as a part of the estate, so as to be subject to her claim for alimony under the Florida divorce decree.

The defendants are identified as follows: William T. Aldrich is a son of M. S. Aldrich and petitioner, and Natalie Aldrich is the wife of William T. Aldrich. Angela Aldrich is the widow of M. S. Aldrich. M. S. Aldrich & Associates, Inc., is a corporation which petitioner alleges was principally, if not solely, owned by M. S. Aldrich during his lifetime or until shortly before his death. Aldrich-Slicer Company is a corporation, one of the organizers of which was William T. Aldrich. John C. White is executor of the last will and testament of M. S. Aldrich.

On motion for summary judgment by the defendants, the Circuit Court of Putnam County held that the decree of the Florida divorce court was invalid and unenforceable insofar as it purported to impose upon the estate of M. S. Aldrich an obligation to pay alimony accruing after his death. On appeal, the Supreme Court of Appeals of West Virginia affirmed the decision of the lower court, one judge dissenting. The majority and minority opinions of the West Virginia court are reported in *Aldrich* v. *Aldrich,* 147 W. Va. 269, 127 S. E. 2d 385. Review by this Court was sought and obtained on the basis of Art. IV, § 1, of the Constitution of the United States, which provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial proceedings of every other State." The case was heard on October 24, 1963, and on November 12, 1963, the Court issued a *per curiam* opinion, 375 U. S. 75, pursuant to which the following questions are certified to the Supreme Court of Florida:

1. Is a decree of alimony that purports to bind the estate of a deceased husband permissible, in the absence of an express prior agreement between the two spouses authorizing or contemplating such a decree?

2. If such a decree is not permissible, does the error of the court entering it render that court without subject matter jurisdiction with regard to that aspect of the cause?

3. If subject matter jurisdiction is thus lacking, may that defect be challenged in Florida, after the time for appellate review has expired, (i) by the representatives of the estate of the deceased husband or (ii) by persons to whom the deceased husband has allegedly transferred part of his property without consideration?

4. If the decree is impermissible but not subject to such attack in Florida for lack of subject matter jurisdiction by those mentioned in subparagraph 3, may an attack be successfully based on this error of law in the rendition of the decree?