BARKDULL, Chief Judge.
The appellant seeks review of a summary judgment awarding the appellee $100.00 per month out of the assets of the estate of Byron B. Freeland, deceased, from the date of Freeland’s death for so long as the appellee shall live or remain unmarried.
The record reveals that the appellee and the decedent were divorced on October 14, 1937. Pertinent portions of the final decree of divorce are as follows:
ifc # ifi ifc J|t *
“ * * * and it further appearing that by consent of the parties and their solicitors of record an agreement has been reached, as hereinafter set forth, providing for payment of permanent alimony, * * *
* * * * * *
“CONSIDERED, ORDERED, ADJUDGED AND DECREED as follows :
* * * * * *
“4. That alimony and support money to the Plaintiff, Mrs. Helen Gratig-ny Freeland, now Helen Gratigny, is hereby decreed to be paid by the Defendant in the amount of $500.00 cash upon the signing of this decree, and the further sum of $100.00 per month * * * during the remainder of the life of the Plaintiff, or until the remarriage of the Plaintiff, * * * ”.
This amount was paid until the death of Byron B. Freeland. The appellee filed a claim in the decedent’s estate, claiming payment under the above decree, to which the appellant filed her objection. The appellee filed her complaint, issue was joined, and both parties moved for a summary judgment. Pursuant to those motions, the trial court entered a summary judgment for the appellee awarding her a sum of $100.00 per month from the decedent’s estate for so long as she should live or until she remarried. This appeal is taken from that order.
The appellant contends that the chancellor erred in that there was no written agreement expressly obligating the estate of the decedent to continue the payment for as long as the appellee lived or until she remarried, and that the effect of the chancellor’s decree was to graft on to the orig *818 inal decree of divorce a provision for post-demise alimony.
An examination of the authorities discloses that, as a general proposition, alimony awarded by a chancellor terminates upon the death of either of the parties or upon the remarriage of the wife. See: Allen v. Allen, 111 Fla. 733, 150 So. 237; Deigaard v. Deigaard, Fla.App.1959, 114 So.2d 516. However, there has been an exception to this general rule which permits a former wife to secure payments in the nature of alimony from the estate of her deceased former husband, when there has been an agreement providing for payments to her for as long as she may live or until she remarries. See: Allen v. Allen, supra; Underwood v. Underwood, Fla.1953, 64 So.2d 281.
Both counsel concede that an agreement is necessary to support the award from the decedent’s estate. However, the appellant contends it must be an agreement in writing and the appellee contends that the recitations, as set forth above, in the final decree of divorce is sufficient.
 We hold that the judicial recognition of an agreement between parties, providing for the payment of periodic sums of money unto the divorced wife during the remainder of her life or until her remarriage, is a sufficient recognition of the agreement to warrant its enforcement, as adjudicated by the chancellor. It seems apparent, from the reasoning in Underwood v. Underwood, supra; Johnson v. Every, Fla.1957, 93 So.2d 390, that, unless it is specifically agreed to the contrary, payments to a wife which are described as permanent in nature will continue subsequent to the demise of the former husband, if she is not prevented by any other condition subsequent from collecting same.
Since this cause was submitted to the court upon oral argument, the Supreme Court of Florida has rendered [in response to certified questions by the Supreme Court of the United States, 375 U.S. 249, 84 S.Ct. 305, 11 L.Ed.2d 304] its opinion in the case of Aldrich v. Aldrich, Fla., 163 So.2d 276 which not only recognizes the liability of a former husband’s estate for permanent alimony but concludes, in part, that the representatives of a deceased former husband’s estate have no right to question the permanency of such an award if same was not contested by the husband during his lifetime.
Therefore, the judgment under review is hereby affirmed.
Affirmed.