Argued April 6, affirmed April 13, 1966

DRIVER *v.* BARKER ET UX

413 P. 2d 59

*Herbert C. Barker* filed the brief and argued the cause in propria persona.

*Don Marmaduke,* Portland, argued the cause for respondent. On the brief were Ray E. McKey and

Davies, Biggs, Strayer, Stoel and Boley and Cleveland C. Cory, Portland.

Before Perry, Presiding Justice, and Denecke, Holman and Schwab, Justices.

PER CURIAM.

This was an action of ejectment in which plaintiff sought judgment that he, as a representative of the United States Government, was the owner and entitled to the possession of real property occupied by the defendants. By stipulation the case was tried by the trial court without the intervention of a jury. Defendants have appealed from a judgment for plaintiff.

Defendants' predecessors in interest had encumbered the property to secure a loan from the Metropolitan Life Insurance Company, which loan was guaranteed by the Veterans Administration. The borrowers' equity in the property was transferred to defendants. Metropolitan brought a suit against defendants to foreclose the mortgage which secured the loan and received a decree of foreclosure. *Metropolitan Life Ins. Co. v. Barker,* 233 Or 111, 377 P2d 162 (1962), cert. den. 375 US 77, 84 S Ct 193, 11 L Ed 2d 141 (1963). Thereafter Metropolitan bought the property at sheriff's sale in the foreclosure proceeding and transferred its title to plaintiff.

Defendants' claim of error is that the trial court permitted plaintiff to prove his title. Defendants contend this should not have been permitted because defendants were prevented from inquiring on deposition as to the terms of the guarantee made by the Veterans Administration to Metropolitan so that defendants could determine whether there was any unauthorized

disbursement of government funds or fraud in the transaction by which plaintiff secured title. It is obvious that the question of fraud or the illegal disbursement of government funds in a transaction between Metropolitan and plaintiff which led to plaintiff's acquiring title from Metropolitan is irrelevant as to defendants.

■ Defendants also contend that the trial court wrongfully refused to approve tendered supersedeas bonds which would have restrained their removal from the premises pending appeal. An examination of the bonds tendered by defendants shows the trial court was correct. They did not meet the qualifications of ORS 19.040 (1)(b). In any event, the question is moot upon affirmance of the judgment.

This court normally would not comment on the merits of defendants' claims of error because defendants have not complied with the rules of this court in the preparation of their brief on appeal nor did they preserve their record in the trial court so their claims of error could be raised on appeal. We have done so only because defendants have unsuccessfully sought to represent themselves without the services of an attorney.

The judgment of the trial court is affirmed.