**In the Matter of Robert R. RICHARDS**
**and**
**Gail L. Richards, Debtors.**

**Nos. BK–63–1324, BK–63–1325.**

United States District Court
D. Maine, S. D.

April 15, 1966.

Gerald S. Cope, Portland, Me., James R. Flaker, Portland, Me., Charles W. Smith, Saco, Me., for trustee.

George P. Limberis, Bangor, Me., for debtor.

Sidney W. Wernick, John J. Flaherty, Portland, Me., for Aetna Finance Co.

Theodore H. Kurtz, Edward L. Caron, Biddeford, Me., Jeremiah D. Newbury, Vincent L. McKusick, Portland, Me., for other creditors.

GIGNOUX, District Judge.

The Trustee has moved for reconsideration of the Court's order of January 28, 1966, in which the Court ordered the certification of questions of Maine law to the Supreme Judicial Court of Maine, as provided for in the Maine Certification Statute, 4 M.R.S.A. § 57, as amended, and Rule 76B of the Maine Rules of Civil Procedure. The sole ground of the Trustee's motion is that, in the absence of federal enabling legislation, a United States District Court lacks the "power" to utilize the procedures made available to it by a state certification statute to secure an authoritative state court determination of doubtful questions of state law involved in federal litigation.

The Trustee cites no authority in support of his position, and so far as this Court is aware, the power of a federal court to certify unresolved questions of state law pursuant to an applicable state certification statute has never been questioned. In fact, as petitioners point out, the Trustee's contention would mean that the United States Supreme Court was acting without "power" when it certified questions of state law to the Florida Supreme Court in Dresner v. City of Tallahassee, 375 U.S. 136, 84 S.Ct. 235, 11 L.Ed.2d 208 (1963) and Aldrich v. Aldrich, 375 U.S. 75, 84 S.Ct. 184, 11 L.Ed. 2d 141 and 375 U.S. 249, 84 S.Ct. 305, 11 L.Ed.2d 504 (1963). The Trustee's contention would mean that the United States Supreme Court was asking the Court of Appeals for the Fifth Circuit to act without "power" when the Supreme Court expressly suggested that the Court of Appeals utilize the Florida certification statute in Clay v. Sun Ins. Office Ltd., 363 U.S. 207, 212, 80 S.Ct. 1222, 4 L.Ed.2d 1170 (1960). The Trustee's contention would mean that the Court of Appeals for the Fifth Circuit was acting without "power" when it certified a question of Florida law to the Florida Supreme Court in Green v. American Tobacco Co., 304 F.2d 70, 86 (5th Cir. 1962). The Trustee's contention would mean that Mr. Justice Frankfurter, writing for the Court in Clay v. Sun Ins. Office Ltd., supra, failed to see a problem of "power" when he said:

"The Florida Legislature, with rare foresight, has dealt with the problem of authoritatively determining unresolved state law involved in federal

litigation by a statute which permits a federal court to certify such a doubtful question of state law to the Supreme Court of Florida for its decision. * * *" 363 U.S. at 212, 80 S.Ct. at 1226.

The Trustee's contention would mean that Mr. Justice Douglas, a consistent foe of the abstention doctrine (See, e. g., Harrison v. NAACP, 360 U.S. 167, 179, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959) (dissenting opinion)), did not recognize a possible lack of "power" when he stated in England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 423, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964) (concurring opinion):

> "Another alternative is for the *District Court*[1] to follow the certificate route, when one is available. The Florida Supreme Court is authorized to provide by Rule for answering certificates concerning state law questions tendered by the federal courts. We use that procedure on Florida state law perplexities [citing cases]. We cannot require the States to provide such a procedure; but by asserting the independence of the federal courts and insisting on prompt adjudications we will encourage its use." (Emphasis added.) 375 U.S. at 433–434, 84 S.Ct. at 474.

The Trustee's contention ignores, finally, the enthusiastic endorsement of the certification procedure by the commentators, who have not deemed the question of "power" even worthy of mention. McKusick, Certification: A Procedure for Cooperation Between State and Federal Courts, 16 U.Me.L.Rev. 33 (1964). See Note, Interjurisdictional Certification: Beyond Abstention Toward A Cooperative Judicial Federalism, 111 U.Pa.L.Rev. 355 (1963); Kaplan, Certification of Questions from Federal Appellate Courts to the Florida Supreme Court and Its Impact on the Abstention Doctrine, 16 U.Miami L.Rev. 413 (1962); Note, Consequences of Abstention by a Federal Court, 73 Harv.L.Rev. 1358 (1960); Kurland, Toward a Cooperative Judicial Federalism; the Federal Court Abstention Doctrine, 24 F.R.D. 481 (1959).[2]

The Trustee's concern that this Court lacks "jurisdiction to certify" is wholly unfounded. The jurisdiction of this Court over this proceeding rests upon 28 U.S.C. § 1334 (Bankruptcy matters and proceedings) and § 39c of the Bankruptcy Act, 11 U.S.C. § 67(c) (Petitions for review). In certifying doubtful questions of Maine law to the Maine court, this Court is merely applying the judicially developed doctrine of abstention to stay proceedings here, while the parties obtain from the state court an authoritative determination of the state law issues. The wisdom of this procedure, in appropriate cases, has been consistently recognized by the United States Supreme Court. See, e. g., Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 27, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959). It is equally well settled that abstention under these circumstances "does not, of course, involve the abdication of federal jurisdiction, but only

---

1. There clearly is no doubt whatever in Mr. Justice Douglas' mind of the power of a United States *District Court* to utilize an available state certification statute. Nor is there any possible basis for the Trustee's suggestion that the power of a District Court is in this respect more limited than that of a Court of Appeals. Both the District Courts and the Courts of Appeals are statutorily created, and have only such powers and jurisdiction as are granted by statute. See Wright, Federal Courts, § 10 (1963).

2. A number of the commentators who have encouraged the use of the certification procedure have suggested the desirability of federal enabling legislation. It is evident, however, that their sole reason for doing so was to define the presently imprecise limits of the federal abstention doctrine. See, e. g., Kaplan, op. cit. supra at 424. The somewhat ambiguous suggestion in the Harvard Law Review note, supra at 1369, should probably be so understood. In any event, this note was published prior to any of the cited cases in which the federal courts have in fact certified, without questioning their power to do so, questions of Florida law to the Florida Supreme Court.

the postponement of its exercise * *." Harrison v. NAACP, supra, 360 U.S. at 177, 79 S.Ct. at 1030.

The Court being satisfied of its undoubted power to certify to the Maine court the unresolved questions of Maine law which are involved in this proceeding,

It is ordered that the Trustee's motion to reconsider the Court's order of certification is denied.