HENDRY, Judge.
Appellant-defendant Clifford Taylor appeals a final order in favor of Dorothy Taylor, appellee, denying rehearing as to a summary judgment enforcing an Ohio court judgment as to alimony arrearages and adopting as a Florida judgment an Alabama divorce judgment.
The essential facts are undisputed. On March 28, 1961, the Superior Court of Marion County, Alabama, divorced the parties, incorporating a property settlement in the final decree:
“ . . . complainant, Clifford H. Taylor, is to pay to Defendant, Dorothy W. Taylor, the sum of Four Hundred Dollars ($400.00) per month for the defendant’s maintenance and if the complainant’s income shall exceed Fourteen Thousand Dollars ($14,000.00) for any calendar year, defendant is to receive an increase of 50% of the excess of said net income above the Fourteen Thousand Dollars ($14,000.00) ...”
In 1968 appellee brought an action for a money judgment and other relief in the Court of Common Pleas, Cuyahoga County, Ohio, in which appellant cross-claimed for declaratory judgment; the Ohio judgment provided:
“The Court further finds that said decree of the said Superior Court of Marion County, Alabama and the said property settlement agreement of the parties dated February 14, 1961, in regard to the reference that Dorothy W. Taylor was to receive an increase o'f 50% of the excess of the net income of said Clifford H. Taylor over $14,000 meant that Dorothy W. Taylor was to receive and Clifford H. Taylor was to pay 50% of his *501 gross income over and above $14,000 in any calendar year without first deducting or making any allowance for Federal Income Taxes.”
The Ohio final judgment ordered him to pay to her $28,134.33 as arrearages and interest up to November 1, 1968.
In October, 1969, appellee-wife brought suit in Florida to enforce the Ohio judgment. Appellant husband’s motion to dismiss urged that Florida was not required to accept the Ohio court’s interpretation of the Alabama decree; the motion was denied. As an affirmative defense, the appellant husband urged that the Ohio court lacked jurisdiction to interpret the Alabama judgment or enforce future Alabama court orders.
The Dade County, Florida circuit court granted the wife summary judgment requiring that the Ohio arrearages judgment of about $28,000.00, plus interest o'f $1,688.06 from November 1, 1968 to October 31, 1970, plus the $400.00 monthly, due since November 1, 1968, amounting to $9,600.00, plus interest of $576.00, totalling $40,028.39 be paid. Appellant requested rehearing, and appellee filed a motion to enforce the final decree, whereupon the Dade County Circuit Court entered the order appealed, which denied rehearing and ordered the adoption “of a decree of a sister state” as a Florida one. The order appealed also ordered future alimony payments.
The appellant asserts that the judgment of the sister state, referred to in the final judgment of the Florida Court is the Ohio judgment, but the appellee urges that the original Alabama divorce decree with property settlement was adopted.
The appellant contends that the Florida circuit court erred in granting full faith and credit to the judgment “of a sister state” (which he asserts is Ohio), where the Ohio judgment was based upon the interpretation of an Alabama decree without first having reduced the Ohio judgment to a Florida judgment. In explanation he asserts that the Ohio court gave full faith and credit to the Alabama decree without adopting it as an Ohio judgment, and under Florida law (which appellant asserts is applicable because appellee 'failed to plead and prove Ohio law), the Ohio court lacked jurisdiction to grant full faith and credit because the Alabama decree could be modified. Appellant’s second contention is that the Florida court erred in ordering alimony payments to be made in the future based upon a decree of a foreign state without- first having adopted the foreign decree as Florida’s own, because the foreign decree is subject to modification by the issuing state (Alabama).
The appellee in reply contends that the Florida court did not err in granting full faith and credit to the Ohio arrearages judgment. Her argument is that judgments of arrearages have been granted full faith and credit by Florida in the past and the Florida court here did not err in failing to go behind and examine the merits of the Ohio judgment (such as to determine if the Ohio judgment is contrary to Florida law). Appellee asserts that if Florida law controls the appellant must plead and prove that the Alabama decree was not final and was subject to modification. According to appellee, Ohio did domesticate the Alabama decree. Appellee’s second contention is that the Florida court did not err in ordering future alimony based on the Alabama decree.
We have examined the briefs and citations and considered the arguments advanced at oral argument and conclude that Ohio had jurisdiction to enter its judgment for arrearages and that this judgment .is valid, even if incorrect; therefore, it is entitled to full faith and credit in Florida.
The law is well settled that if the court of a sister state which has jurisdiction and which then enters an erroneous decree, such decree is entitled to full faith and credit if the error is not one of jurisdiction. It was made to appear that both the Alabama and Ohio courts had personal and *502 subject matter jurisdiction over the parties; furthermore, appellant here has not raised any defense of “fraud.” Here, the crux of the alleged error of the Ohio court was the interpretation of the Alabama decree, which is not jurisdictional. Furthermore, the parties here never sought to determine what the Alabama decree meant in an Alabama court.
In Newton v. Newton, Fla.1971, 245 So.2d 45, 46, the court explained that under the full faith and credit clause, U. S. Constitution, Art. IV, § 1:
“It is well-established that every state is required to recognize and respect the valid final decrees and orders of the courts of other states. A decree or order valid in the state where it is issued will ordinarily be honored in any state where an attempt is made to bring suit on the same cause of action.”
Accord: Irving Trust Co. v. Kaplan, 155 Fla. 120, 20 So.2d 351, 354.
The principle governing the case at bar has been stated as follows:
“A judgment which although erroneous is valid is not subject to collateral attack either in the State in which it is rendered or in other States, although it may be open to direct attack by further proceedings in the original action or by independent proceedings in equity.” Restatement, Judgments, §11, comment b.
This principle has been recognized in Florida, e. g., Klausner v. Ader, Fla.App.1963, 156 So.2d 193; see also: Gaylord v. Gaylord, Fla.1950, 45 So.2d 507; Aldrich v. Aldrich, Fla.1964, 163 So.2d 276, 284, answering questions ordered certified Aldrich v. Aldrich (1963), 375 U.S. 75, 84 S.Ct. 184, 11 L.Ed.2d 141; 375 U.S. 249, 84 S.Ct. 305, 11 L.Ed.2d 304; Holcomb v. Holcomb, Fla.App. 1967, 198 So.2d 32, 33-34.
An application of the foregoing principle yields the following result:
“If an action is brought in the same State or in a different State upon a judgment which was void because the State had no jurisdiction over the defendant, and the court erroneously holds that the judgment was valid and gives judgment for the plaintiffs, this is a violation of the Fourteenth Amendment to the Constitution of the United States and is a ground for reversal in the Supreme Court o'f the United States. The second judgment, however, is not void and is not open to collateral attack (see § 13).
“Although the court in the original action did not have jurisdiction over the defendant, yet if the defendant appeared in the action to object that the court had no jurisdiction over him and the court overruled the objection and judgment was rendered against him, he cannot collaterally attack the judgment on the ground that the court had no jurisdiction over him. (see § 9).” Restatement, Judgments, § 11, comment c.
According to the Restatement of Judgments, § 9,
“§ 9. Res Judicata and Jurisdiction over the Person.
“Where a defendant appears in an action to object that the court has no jurisdiction over him and the court overrules the objection and judgment is rendered against him, the parties are precluded from collaterally attacking the judgment on the ground that the court had no jurisdiction over the defendant.”
As to the second point concerning the granting of future alimony, we conclude that the Florida judgment herein appealed does adopt the Alabama decree as a Florida decree for the purposes of granting future alimony, which is authorized by the leading case of Sackler v. Sackler, Fla.1950, 47 So.2d 292, 18 A.L.R.2d 856.
Therefore, for the reasons stated the judgment appealed is affirmed.
Affirmed.