69 N.J. Super. 128 (1961)
173 A.2d 721
MARION HUDSON, PLAINTIFF,
v.
DANNIE BENJAMIN HUDSON, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 26, 1961.
*129 Mr. Henry Goldhor, attorney for the plaintiff.
Mr. Morris N. Hartman, attorney for the defendant.
KALTEISSEN, J.S.C.
The within case involves a complaint filed by a plaintiff wife for arrearages of support for herself and child. The complaint sets forth her claim for arrearages on two bases: (a) arrearages accruing as a result of a divorce judgment entered in Alabama in 1958, and (b) the same amount of arrearages resulting under a separation agreement signed by the parties in 1958 and shortly thereafter incorporated in the said Alabama divorce.
Defendant husband in his answer and in the pretrial order entered, claimed inter alia that the Alabama divorce decree was not entitled to full faith and credit in New Jersey because it was of the "one-day type" and because the Supreme Court of Alabama has recently set aside a divorce in that jurisdiction based upon similar facts and held a portion of the Alabama divorce statute unconstitutional. The husband further maintains that the separation agreement is void as being against public policy because it contains therein one provision which may be against the public policy in this State. The particular sentence in this somewhat lengthy separation and support agreement reads "Each party agrees to submit to the in personam jurisdiction of any court in which the other party commences an action for divorce and to appear personally in any such action." There are other subsidiary issues raised between the parties, but for purposes of this decision they are not deemed to be of significance.
The facts are as follows: The parties, residents of the State of New Jersey, were married in the State of New *130 Jersey in the year 1950. One child was born to the marriage in the year 1954, which child remains with the mother, plaintiff herein. In September 1958, the parties entered into a five page separation agreement which indicated that they had made division of their property. In addition, said agreement provided for custody of the child by the wife, visitation by the husband, and made certain other provisions as to insurance which the husband was obliged to keep in effect. The agreement further required the husband to pay $50 per week to the wife for support for her lifetime or until she remarried, and $20 per week for the support of the child until she reached eighteen years of age.
The following two paragraphs were also included within the terms of this agreement:
"8. In case the parties are hereafter divorced by decree of any court, the terms and provisions of this Agreement shall be incorporated in such decree and become a part of said decree, and this Agreement shall survive such decree. Notwithstanding such incorporation this Agreement shall not be merged in such decree, but shall survive the same and shall be binding and conclusive on the parties for all time. * * *
9. Each party will, at any time and from time to time, execute and deliver any or all other instruments or papers that the other party may reasonably require to give effect to the provisions of this Agreement."
Finally, apparently both parties were represented by counsel, and the agreement specifically contained a provision that:
"11. The Wife acknowledges that she has had the advice of counsel of her own, and that she is entering into this Agreement voluntarily and with full knowledge of the Husband's income and property."
Within 10 days after, to wit, on October 9, 1958, a divorce was entered in the Circuit Court in Equity in the State of Alabama, the same having been obtained by the plaintiff wife. It appears from the facts that the plaintiff *131 personally went to the State of Alabama and made representation to the court that she was domiciled there. The defendant husband did not personally go to Alabama but signed an answer and entered appearance through his Alabama attorney. The Alabama decree recites that based upon the "Bill of Complaint, Answer and Waiver of the Defendant, and appearance by his attorney * * * the Court is of the opinion and finds that the Court has jurisdiction of the parties and of the cause of action, * * *." The court thereupon granted the divorce and incorporated the terms of the separation agreement, dated September 30, 1958, which agreement by its terms did not merge in the decree but survived the same.
On October 29, 1959 the defendant remarried and his present wife has filed a complaint as intervenor in this action praying that she may be granted a judgment declaring her legal status as the wife of the defendant by reason of the marriage ceremony between them.
If the facts were limited to those above, it would appear that there was little novel to present to this court. The cases cited below have held that under such circumstance the New Jersey Court must give full faith and credit to the out-of-state divorce decree and has not the right to inquire into the jurisdiction of the court of the sister state. Particularly, we refer to the recent case of Schlemm v. Schlemm, 31 N.J. 557 (1960), in which the court stated, at page 565:
"No purpose would be served by reviewing the state or federal authorities prior to Sherrer v. Sherrer, supra [334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429] and Coe v. Coe, supra [334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451] for it is beyond dispute that these opinions of the United States Supreme Court now bind us to honor Nevada divorce decrees in instances where the Nevada courts have made jurisdictional findings of domicile in proceedings in which both parties have participated."
The court in this case adopted the following language of Dean Griswold, "Divorce Jurisdiction and Recognition of *132 Divorce Decrees  A Comparative Study," 65 Harvard Law Review 193, 216 (1951):
"Where the absent spouse participates in divorce proceedings by appearance (which may be through an attorney), by filing an answer, or by otherwise taking part, the divorce which is granted is binding and effective, and must be recognized in other states."
He noted further that this was not necessarily a determination that the court had jurisdiction to grant divorce but depended rather "upon a rule that the participating spouse is precluded by res judicata from questioning that jurisdiction."
It is interesting also to quote from the opinion of Justice Oliphant, in Woodhouse v. Woodhouse, 11 N.J. 225, 228 (1952), in which he said:
"The contention here is that the Nevada decree is void, but this we find is without merit under the facts exhibited, and that the decree is entitled to full faith and credit under Art. 4, § 1 of the Federal Constitution. The United States Supreme Court has held that full faith and credit should be accorded a decree of a sister sovereign state if a defendant spouse appeared in the divorce proceedings and contested the issues. Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948); or appeared, and admitted the domicile, Coe v. Coe, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451 (1948); or was personally served with process in the state which awarded the decree, Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951); and if the spouse either admits or contests the issue of plaintiff's domicile or is personally served in the divorce state he is barred from attacking the decree collaterally in a sister state. Cook v. Cook, 342 U.S. 126, 72 Sup. Ct. 157, 96 L.Ed. [146] (1951).
In the instant case the defendant entered a general appearance and actually appeared through counsel in the Nevada proceedings. He had an opportunity to litigate the issues, including jurisdiction, though he did not avail himself of that opportunity. Cf. Isserman v. Isserman, 11 N.J. 106 (1952).
However, there is one additional factor injected here which was not present in the cases cited. It is a question involving the Alabama law under which the divorce was granted. The Alabama law has been presented to this court by verified *133 opinion of a counsellor-at-law of the State of Alabama, who is also a professor of law at the School of Law, University of Alabama. This treatise covers both the statute and decisional law in Alabama on the questions presented.
It is a jurisdictional requirement for the granting of a divorce in Alabama that either the plaintiff or the defendant must be domiciled in Alabama. Prior to 1945, the statutes specifically required that there must be allegation and proof of at least one year's residence in Alabama by complainant where the defendant was a non-resident. However, in 1945, Title 34, Section 29, Alabama Code of 1940, was amended as follows, with the italicized portions constituting the amendment:
"When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for one year next before the filing of the bill, which must be alleged in the bill and proved; provided however, the provisions of this section shall not be of force and effect when the court has jurisdiction of both parties to the cause of action."
As a result of this amendment, there appears little doubt that Alabama over the period of the past 16 years has become a mecca for divorce seekers. However, within the past few weeks, the Supreme Court of Alabama has declared the above listed statutory amendment unconstitutional. In the case of Hartigan v. Hartigan, 128 So.2d 725 (1961), the Alabama Supreme Court held a 1954 divorce decree void for want of jurisdiction of the subject matter in Alabama and the court further held that this divorce was not entitled to full faith and credit in other jurisdictions. The opinion of the Supreme Court there held that the state legislature does not have the power to confer on the courts jurisdiction to act on a status, or res, within the state.
Let us assume that the facts in the Alabama case of Hartigan v. Hartigan were similar to those in the instant case and that the Alabama court, if presented with this petition, would determine that the previous divorce was void *134 for want of jurisdiction. The interesting question here presented is whether this court is justified or even authorized under existing decisions to examine into the particular facts in this case and make a factual determination that there was no jurisdiction in the Alabama court, and therefore hold that the divorce decree is not entitled to full faith and credit in New Jersey; or whether this trial court is bound by the line of decisions referred to above and more particularly cited in Woodhouse v. Woodhouse and Schlemm v. Schlemm, supra. In other words, is this court bound by the determination of the Alabama Court that certain decrees are not entitled to full faith and credit by sister states and therefore required to make a factual determination in each case? It would appear that the circumstances have been carefully delineated in our New Jersey decisions under which our courts may or may not examine into the question of jurisdiction of the court of the sister state. So far as we are presently concerned, these cases require compliance with these standards in our trial courts. A veritable Pandora's box of legal uncertainties would be opened if New Jersey Courts were required to minutely examine the statutory and case law of any of the 49 sister states before making a determination of the validity of a foreign divorce. If there is any necessity of expanding the doctrines relating to full faith and credit of foreign decrees in New Jersey, it is certainly one more properly undertaken by the Appellate Courts than this trial court, which is bound at this posture by existing decisions. It is, therefore, determined that the Alabama divorce decree has met the requirements of jurisdiction and is entitled to full faith and credit by this court and the provisions thereof are entitled to be enforced.
A subsidiary point which is raised relates to the particular sentence of the separation agreement which states: "Each party agrees to submit to the in personam jurisdiction of any court in which the other party commences an action for divorce and to appear personally in any such action." It does not appear necessary to determine whether *135 this particular provision vitiates the entire separation agreement as being contrary to our public policy. The facts show that defendant did submit to the jurisdiction of the Alabama Court and apparently did so voluntarily without in any way questioning the validity or invalidity of this provision. Despite the fact that our courts might well frown upon any such attempt to confer this type of jurisdiction, nevertheless, the defendant, not having raised this question in the Alabama Court, should not now be permitted for this reason to renounce the obligations and liability which he has incurred by virtue of the Alabama decree. The fact remains that the Alabama Court entered a final decree of divorce, the provisions of which, so far as they relate to support and maintenance of the wife, are enforceable in this court while they have the status of a decree of the sister state.
The proofs show that the defendant is in arrears in making the required support and maintenance payments and there is no demand for, or evidence to support, any request for a modification of the required payments. Based upon the foregoing, plaintiff will be granted the relief sought in the complaint and an order to this effect may be presented.
Defendant's "answer," so far as it sets forth a counterclaim for custody and related relief, is dismissed.
The complaint of intervenor, second wife of defendant, husband, demanding a declaratory judgment as to her marital status, is also dismissed.