WALDEN, Chief Judge.
This is an appeal from an order requiring the appellant to support a minor child. The order was entered in the circuit court pursuant to Chapter 88, Florida Statutes (1965), F.S.A., otherwise known as the Uniform Reciprocal Enforcement of Support Law. It was based upon a certain judgment entered in the courts of the State of California in January 1960.
While we affirm, one of the points raised by appellant bears discussion. Appellant collaterally, attacks the California judgment. He maintains that it was void because he was deprived of due process of law in that the court there failed to give him notice of trial.
Historically, a paternity suit was filed in 1958 against appellant in California concerning a child born in 1957. Appellant was personally served with process in 1959, and he thereafter appeared with counsel and defended. Among other things he filed a demurrer and an answer to the complaint. In due course a temporary support order was ente,red in April 1959 requiring appellant to pay twenty dollars per week plus certain fees and costs. Appellant never made any payment under this order. Shortly after its entry appellant left California, and no notice was given by him or his counsel to the clerk of the California Superior Court *33 of the appellant’s addresses. At the time of his departure appellant well knew of the pendency of the suit, and he never thereafter made inquiry or communicated with that court.
In August 1959 appellant’s California counsel withdrew and obtained the substitution of appellant in pro. per. As support for this application the lawyer represented unto the court via affidavit that he had endeavored to locate the defendant (appellant) but had been unable to find Him.
In October 1959 notice of trial of the California paternity suit was served upon the clerk of that court with this reason being stated:
“ * * * for the reason that the defendant has no counsel herein and his address is unknown and he is a fugitive from justice by reason of the fact that a bench warrant has been issued for his arrest in these proceedings.”
Thereafter the California court entered judgment against appellant requiring him to pay twenty dollars per week as child support, and this is the judgment upon which the order appealed is based. Perhaps needless to say the appellant did not honor this decree by making any payment as therein required.
By way of statutory support for the procedures employed we notice Section 594 of the California Code of Civil Procedure provides, inter alia, with reference to notice of trial:
“When a party appears in person, he shall leave with the judge, or with the clerk * * * an address, where service of such notice may be made * *
Also, Section 1011 of the California Code of Civil Procedure provides, inter alia, with reference to the service of notice of trial:
“The service may be personal * * * or it may be as follows * * * (1) If upon an attorney * * * (2) If upon a party, it shall be made in a manner specifically provided in particular cases, or, if no specific provision is made, it may be made by leaving the notice or other paper at his residence * * * if * * * no such person can be found at his residence, the same may be served by mail; and, if his residence is not known, then by delivering the same to the clerk of the court * * * for such party.” (Emphasis added.)
While appellant attempts to avoid the consequences of his action or inaction by saying that he gave his lawyer in California certain instructions before he discharged him the indisputable fact is that the California court had jurisdiction of the person of the appellant, and by operation of statute the appellant had the duty to inform the court of his address where notice of trial could be served. Further, there is a conflict between appellant’s assertion as to his lawyer’s knowledge and the statement of his lawyer at the time he was relieved as counsel. Anyway, at the time of trial the appellant had no attorney, and there was no address listed with the court as to where appellant could be served with the notice.
In sum, it is our opinion that the California judgment was not subject to collateral attack in the fashion attempted by appellant, and even assuming the truth of appellant’s assertions, his only relief could have been found by a timely and direct attack in the form of an appeal from it. As a basis for this assertion we note in 16A C.J.S. Constitutional Law § 619c, at 803, as follows:
“The notice essential to due process is original notice giving jurisdiction and not notice of the time for exercise of jurisdiction already vested, and after jurisdiction has duly attached it has been said that a party has no constitutional right to demand notice of further proceedings. * * * ”
Cited for this proposition is Gray v. Hall, 1928, 203 Cal. 306, at page 252, 265 P. 246, *34 in which the California Supreme Court stated that:
“It cannot be denied that, in those cases in which judgments have been rendered without any or insufficient service, or where the party not only has had no opportunity to answer, but is so ignorant of any proceeding against him as not to have been able to avail himself of the remedies which the law gives him until he has lost them all, the judgment is absolutely void. Such a judgment may be attacked at any time, directly or collaterally. * * * But it is a fundamental principle, everywhere prevailing, that where a court has jurisdiction of the person of the parties and the subject-matter of the controversy submitted to it by them, its judgment thereon cannot be impeached collaterally or otherwise than by some form of direct attack, although it may appear on the face of the record that error was committed by the court in determining the question. * * ‡ ’>
and at page 253:
“ * * * Whether notice of subsequent proceedings, after the court has acquired jurisdiction by original process, will or will not be required is a matter of legislative discretion. After jurisdiction has attached, the party has no constitutional right to demand notice of further proceedings. * * * If the defendant, in the original action was entitled by statute or rule of court, to notice of the entry of default and application for the judgment, want of such notice does not render the judgment void. * * *
“In the case before us Yarbrough, as defendant, was a party to the first trial, and it was by reason of his successful appeal from the judgment there rendered that the amended complaint was permitted to be filed in the court below. He continued his active participation in the case and interposed a demurrer to the amended pleading. When it was overruled he waived notice of the order overruling the demurrer and giving him time to answer. So far as the record discloses, he took -no more interest in the matter. From that fact it would seem that he invited the further action of the court, which resulted in default and judgment being entered against him. He had his remedy in the due and orderly procedure provided by the Legislature for the correction of error in judicial proceedings. He failed to avail himself of it and cannot now claim that due process of law was in any way denied him.”
In subsequent cases the California courts applied the rule stated in the Gray v. Hall case. In Kupfer v. Brawner, 1942, 19 Cal.2d 562, 122-P.2d 268 at 270, the court stated:
“ * * * If there was any error in the judgment rendered in those proceedings, it was an error committed in the exercise of the court’s jurisdiction, which could have been corrected only on an appeal from the judgment or other timely and direct attack thereon; but the judgment, having become final, is not subject to review in another action for error committed in the exercise of the court’s jurisdiction. * * * ”
In Taintor v. Superior Court, 1949, 95 Cal.App.2d 346, 213 P.2d 42, the court held that although the entry of judgment in a default case more than three years after service of summons was error, such error could only be corrected by an appeal from a judgment or on a motion under the Code of Civil Procedure made within six months of the default.
The collateral attack being without substance and no error having been demonstrated, the order appealed is hereby affirmed.
Affirmed.
CROSS, J., and MELVIN, WOODROW M., Associate Judge, concur.