HENDRY, Judge.
The appellant, plaintiff below, sought a declaratory judgment and temporary and permanent relief enjoining the sale of real property by the appellees-defendants. Ap-pellees denied that the appellant was entitled to the relief sought, and affirmatively defended their position under the doctrines of estoppel by judgment and res judicata. The above affirmative defenses were predicated upon the decision, infra, rendered by the Supreme Court of the state of New York, entered in the determination of certain litigation involving the parties and subject matter of the instant law suit.
It was the defendants’ position in the trial court that the New York law suit was identical to, and determinative of two of the three, issues raised by the instant proceedings. After the defendants moved for summary judgment, the trial court agreed with their position and granted summary judgment in their favor.
The pertinent facts are best stated by the trial judge in his order on summary judgment:
“Plaintiff, ARTHUR PURO, is the owner of a 20% beneficial interest in two trusts wherein LOUIS PURO is the Trustee. The only assets of the two trusts are an undivided one-half interest in each of four trusts (referred to as the ‘Duchan Trusts’ herein). The former Trustee was IRVING L. DUCHAN. The Defendant, WILLIAM SHOREN-STEIN, is now the Substituted Trustee. The ‘Duchan Trusts’ own several parcels of Florida real estate, one of which is the subject of a Contract of Sale *463 executed by WILLIAM SHOREN-STEIN, as Trustee, at the direction of the two beneficiaries of the ‘Duchan Trusts’, LOUIS PURO and the ESTATE OF IRVING WEISNER. Plaintiff has alleged that an undivided one-half interest in the subject property was owned by a partnership of all five brothers Puro, and that the powers given LOUIS PURO in the trust agreements of February 3, 1965, and June 23, 1965, ended upon the termination of the partnership.
“Plaintiff ARTHUR PURO seeks to prevent the sale of the property by requesting this Court for a temporary and permanent injunction forbidding the sale of the property and for the issuance of a declaratory judgment declaring that ‘the trust is passive and require[s] conveyance of title from the trustee to the plaintiff and his brothers in accordance with their respective interests.’ ”
At the heart of this matter is the question of whether any genuine issues of material fact existed at the time of the summary judgment, and if not, whether the trial court applied the law correctly. The trial court determined that the doctrines of res judicata and estoppel by judgment did lie in the instant case and expressly held that the issues of this litigation had been determined by a prior law suit brought in the state of New York. In setting forth his order, the trial judge found as follows, which we hereby adopt as our finding as well:
“Prior to the commencement of this action, IRVING L. DUCHAN petitioned the New York Supreme Court to remove him as Trustee and for the appointment of WILLIAM SHORENSTEIN as Successor Trustee. ARTHUR PURO actively opposed the Duchan petition, asserting that the subject property belonged to a partnership of the brothers Puro and that the trusts were executed by the Statute of Uses because they were passive.
“The New York Supreme Court ruled in its opinion dated August 29, 1968, and published on September 4, 1968, in the New York Law Journal.
‘By the basic instruments and the subsequent instruments of acknowledgment of the interest of the Puro Bros, the Florida property was effectually separated from the general property of the Puro Bros, partnership and the Florida properties were to be dealt with by Louis Puro as trustee and separately from the general assets of the Puro Bros, partnership created by the partnership agreement of March 31, 1956.’
The Order and Judgment, entered on September 16, 1968, incorporates the opinion of the Court and further states:
‘(2) The cross-motion for declaration that the trusts have been executed by the Statute of Uses, vesting title in certain persons and alternatively for an order staying this proceeding until there has been final disposition of a pending action in the Supreme Court of the State of New York be, and hereby is denied in all respects.’
“There can be no question that at least two of the issues raised in the case at bar by Plaintiff, ARTHUR PURO, were previously raised in the New York proceeding by him. In each instance the New York Court decided against the contentions raised by ARTHUR PURO. It ruled that the subject property did not belong to the partnership and that the trusts were active.
“ARTHUR PURO now seeks to reliti-gate these two issues in the present action. By the doctrines of res judicata and estoppel by judgment, ARTHUR PURO is foreclosed from ever litigating *464 these issues again save on appeal from the New York Order and Judgment.
“ARTHUR PURO and the trustee of the ‘Duchan Trusts’ are- parties to both actions. The same two issues are before this Court as were present in the New York action in which a decision was rendered on the merits and without fraud or collusion. Only the causes of action vary. One is the petition for the removal of a trustee and the other a request for injunctive and declaratory relief. This lack of identical causes of action does not prevent the application of collateral es-toppel.
“Therefore, ARTHUR PURO is prevented from asserting the same issues again.”
Three issues were presented below by appellant, Arthur Puro, to the trial court. The first was whether or not the numerous trusts involved here were passive, and hence, executed by the statute of uses; second was whether the Florida property, which was the corpus of the trusts, was effectually separated from the general property of that partnership to which appellant Arthur Puro had belonged; the third issue raised was whether appellee Louis Puro had the right to direct the successor trustee, (who in this appeal is appellee William Shorenstein) to execute a contract for sale of some of the property involved here. As can readily be seen from the above quoted language from the New York opinion, the first two issues were conclusively answered by the New York court. Thus, the trial judge appears to have been eminently correct in relying upon the doctrines of res judicata and estoppel by judgment when he granted summary judgment in favor of the appellees. Baum v. Pines Realty Inc., Fla.App.1964, 164 So.2d 517.
As to the third contention of appellant, Arthur Puro, the question of Louis Puro’s right to direct the successor trustee regarding a sale of trust property was expressly left open by the New York court in these words:
“[The above issue] appears to be the subject of an action now pending in the state of Florida * * * this determination, of course, does not preclude any claim or right of action with respect to the performance of duty of Louis Puro under the instruments of February 3, 1965 and June 23, 1965.”
The trial court determined the remaining unsettled issue by finding as follows:
“The trust agreements of February 3, 1965, and June 23, 1965, establish trusts in which LOUIS PURO is the Trustee and the five brothers Puro are equal beneficiaries (referred to as the ‘Louis Puro Trusts’ herein). All five of the brothers joined in executing these agreements as settlors, giving LOUIS PURO
‘ * * * the sole, unconditional and irrevocable power to sell, transfer, convey, mortgage or otherwise encumber or dispose of our interest in said properties, or any part thereof * * *’
“All parties having any interest in the property, the subject matter of the ‘Louis Puro Trusts’, joined in approving the terms and conditions thereof.
“An examination of the ‘Louis Puro Trusts’ reveals that they are clear and unequivocal, complete and free of ambiguity and neither of them admit of extrinsic evidence to support Plaintiff’s contentions. The parol evidence rule does not allow any evidence outside the trust documents to be considered by this Court.”
* * * * Jji ‡
“Therefore, any evidence to support the claim that the subject property belongs to the partnership would tend to alter, vary, or amend the terms of the trust agreements and so may not be considered.
*465 “It is the inescapable conclusion of this Court that LOUIS PURO had the full power and authority to direct (along with the ESTATE OF IRVING WEIS-NER) WILLIAM SHORENSTEIN, as Trustee, to execute a Contract of Sale for the subject property, and to cause said property to be sold pursuant to the terms thereof.”
This involved a construction of the trust instruments, and was thus a question of law before the trial judge. It has not been demonstrated on appeal that said construction was erroneous.
Thus, for the foregoing reasons, the order of the trial court being appealed is hereby affirmed.
Affirmed.