302 So.2d 452 (1974)
Charles N. DONNER et al., Appellants,
v.
Beatrice Rosalie DONNER and Edward David Donner, Appellees.
Nos. 73-1207, 73-1234, 73-1347, 73-1350 and 73-1399.
District Court of Appeal of Florida, Third District.
September 24, 1974.
Rehearing Denied November 18, 1974.
*453 Podhurst, Orseck & Parks, Heller & Kaplan, Broad & Cassel and Lewis Horwitz, Miami Beach, for appellants.
Mershon, Sawyer, Johnston, Dunwody & Cole, Sinclair, Louis & Siegel, and Paul A. Louis and Paul Siegel, Miami, Cabot, Scott, Wenkstern & Casteel, Fort Lauderdale, Dubbin, Schiff, Berkman & Dubbin, Miami, for appellees.
Before CARROLL and HENDRY, JJ., and GOBBIE, EVELYN, Associate Judge.
HENDRY, Judge.
These consolidated appeals were filed by defendants below from a judgment of the circuit court of Dade County. Therein the court granted specific performance against the executors of the estate of Samuel Donner, deceased, of an agreement he had made to make a will containing certain devises and bequests to the appellees herein.
The agreement was in writing, but because it did not have subscribing witnesses it was allegedly unenforceable under a provision of the Florida Probate Law. Section 731.051 Fla. Stat., F.S.A. entitled "Agreements to make a will, requirements," provides as follows:
"(1) No agreement to make a will of real or personal property or to give a legacy or make a devise shall be binding or enforceable unless such agreement is in writing signed in the presence of two subscribing witnesses by the person whose executor or administrator is sought to be charged.
"(2) This section shall apply to agreements made on, after or prior to January 1, 1958."[1]
On March 2, 1959, in the State of New York, the deceased, Samuel Donner, and his then wife, Beatrice Rosalie Donner, entered into a written separation agreement in contemplation of divorce. In addition to provisions dealing with matters generally covered by such agreements, there were included therein agreements by Samuel Donner to make a will devising and bequeathing one-third of his net estate to Beatrice Donner,[2] and one-third of his estate to Edward David Donner, (their son, who was not a party to the agreement).[3]
*454 Beatrice and Samuel Donner were divorced in an action filed in Alabama on April 10, 1959, a so-called one-day divorce. By counsel, Samuel answered Beatrice's complaint in the divorce action. In the complaint, Beatrice alleged she was a resident of Alabama, and by his answer Samuel admitted her residency. Further, the husband specifically submitted himself to the jurisdiction of the Alabama court, and he waived notice of submission of the cause. A decree was entered, and paragraph four of the decree read as follows:
"The provisions of the agreement of March 2, 1959 are ratified, approved and incorporated in this decree by reference, and the parties are ordered to abide by and carry out the provisions of said agreement, which said agreement is not merged into the decree, but survives same as a separate agreement."
We are advised by Beatrice's able appellate counsel that the reason the agreement specifically was not merged into the decree was to afford the wife an extra measure of protection. Since a divorce decree may be subject to modification under certain circumstances [Cf. Salomon v. Salomon, Fla. 1967, 196 So.2d 111; Underwood v. Underwood, Fla. 1953, 64 So.2d 281; Fla. Stat. § 61.14, F.S.A.], the above-quoted language was intended to provide "the best of two worlds" for Beatrice.
The agreement provided that upon divorce of the parties it would be incorporated in the final judgment, and that it would be interpreted according to New York law and would be binding upon the parties' heirs, executors and other legal representatives.
Subsequently, between 1961 and 1966 further litigation occurred between the parties to enforce certain support provisions of the agreement. The first proceeding was held in Dade County Circuit Court, and by order dated April 13, 1962, the Alabama divorce decree was domesticated in Florida.
Thereafter, a post-divorce proceeding was instituted by Beatrice in New York. There, for the first time, Samuel Donner attacked the validity of the separation agreement contending the same was collusive and under Section 51 of the, McKinney's Consol.Laws, c. 14, New York Domestic Relations Law was against public policy, illegal and void. In a lengthy, scholarly opinion, provided to this court by the appellees, written by Judge Backer of the New York Supreme Court (the trial court in that state), the husband's argument was rejected. The judge stated with regard to the Alabama and Florida proceedings:
"No contention is made by the defendant that he did not have full opportunity to litigate any defense he then wished to raise including the defense of illegality now advanced for the first time under section 51 of the New York Domestic Relation Law.... Having failed to raise the section 51 defense in either the Alabama or Florida actions, and having failed to appeal the resulting judgments of either Court, it must be held that the defendant is now prevented, under the Full Faith and Credit Clause of the United States Constitution (art. IV, § 1) from making that issue the basis of a collateral attack in the instant action."
Samuel Donner died on January 25, 1973. His will was admitted to probate in Broward County, Florida, and the executors thereunder were appointed. The will contained specific bequests to certain named beneficiaries, and a bequest of $200,000 in trust for the son Edward Donner with provision for his support therefrom and for distribution of the corpus to the son in stages, upon his attaining certain ages.
*455 Appellee, Beatrice Donner, was the decedent's first wife. Pursuant to the terms of the written separation agreement, drawn by New York counsel, the decedent was making substantial alimony payments to Beatrice. Of course, upon his death, these payments ceased, and Beatrice now receives no alimony.
Ruth Jean Donner, appellant herein, is the decedent's second wife. He divorced her on October 10, 1972, approximately three months before he died. See, Donner v. Donner, Fla.App. 1973, 281 So.2d 399. In accordance with a property settlement agreement entered into during the course of that proceeding, the decedent left Ruth a $1,000,000 specific bequest in his will. However, the decedent did not perform in accordance with the provisions of the New York separation agreement with Beatrice. He omitted the latter from his will.
Appellant Larna Katz Donner is the decedent's third wife, married to him approximately one month before his death. The decedent died while on his honeymoon with Larna. He devised and bequeathed to her the residue of his estate.
Beatrice Donner filed this action against the executors of the decedent's estate and the beneficiaries under the will, seeking specific performance of the provision of the 1959 agreement by Samuel Donner to devise and bequeath one-third of his net estate to her. By a cross-claim Edward Donner sought similar relief with reference to the agreement to devise and bequeath such an interest to him.
By answer the defendants contended the agreement, being without subscribing witnesses, was unenforceable by virtue of § 731.051 Fla. Stat., F.S.A., and the defendant Larna Katz Donner moved for summary judgment so holding. The plaintiff Beatrice Donner and cross-plaintiff Edward Donner moved for summary judgment for specific performance of the agreement. The court granted summary judgment, specifically enforcing the agreement as to Beatrice Donner and Edward Donner, holding each entitled to one-third of the net estate, and denied the motion of the defendant Larna Katz Donner. The trial court held the agreement for devises and bequests was enforceable in Florida under and because of the divorce decree of the Alabama court. The defendants styled above as the appellants appealed.
In our view, Samuel Donner had his day in court. The terms of the separation agreement as incorporated in the Alabama decree, domesticated in Florida, and accorded full faith and credit in New York are now binding upon the decedent's estate.
We do not disagree with Judge Carroll's pronouncement of the law pertaining to res judicata. See, Gordon v. Gordon, Fla. 1952, 59 So.2d 40. However, we think that the provisions of the separation agreement relating to Samuel Donner's promise to make provisions in his will for Beatrice and the couple's adopted son, appellee Edward David Donner, are matters which might have been or should have been litigated in either the prior Alabama, Florida, or New York proceedings.
The appellants vigorously contend that full faith and credit and res judicata are inapplicable in this situation because the agreement to make a will was contingent upon Beatrice's surviving the decedent and remaining unmarried, and until the contingency occurred the validity and enforceability of the contract were not ripe for judicial consideration.
We disagree with this argument because unlike a will which clearly is ambulatory in nature and therefore may readily be revoked by a competent testator, a contract to make a will may be irrevocable and therefore subject to specific enforcement by the courts. Cook v. Cook, 80 Wash.2d 642, 497 P.2d 584 (1972); Magids v. American Title Insurance Co., Miami, Florida, 473 S.W.2d 460 (Texas 1971); Fitch v. Oesch, 30 Ohio Misc. 15, 281 N.E.2d 206 (Ohio C.P., P.Div. 1971); Cf. Hagan v. Laragione, supra; Lindeburg v. *456 Lindeburg, Fla.App. 1964, 162 So.2d 1.[4] Thus, at the time the Alabama decree was entered and during the subsequent Florida and New York actions, the issue of the enforceability of the contract to make a will might have been raised, and at least with respect to the Florida post-divorce proceeding should have been raised.
In our view, Samuel Donner was bound by the judicial proceedings in three different states to perform the provisions of the separation agreement. The contractual provision to make a will was incorporated into the judgments, and became a valid, enforceable, irrevocable contract, subject only to the occurrence of the conditions precedent included in the separation agreement.
We also do not think that under the circumstances of this case, Fla. Stat. § 731.051, F.S.A. serves as a bar to the enforceability of the contract because of the absence of two subscribing witnesses. Appellants rely heavily on Talmudical Academy of Baltimore v. Harris, Fla.App. 1970, 238 So.2d 161. That case stands for the proposition that in an action to enforce a contract to give a legacy or make a devise, the contract will be unenforceable unless such agreement is in writing signed in the presence of two subscribing witnesses. This court held that Section 731.051 is part of the Florida probate law and the public policy of this state relating to the enforceability of claims against an estate.
The crucial distinction between the Talmudical Academy case and the instant case is that in the former case the promisee was suing for the first time in a Florida court to enforce a contract which was valid only in a sister jurisdiction. There had been no prior judicial proceedings in that case such as there have been in the cause sub judice.
In this case there have been three prior proceedings, one held in 1962 in Florida, in which provisions of the separation agreement were at issue. The United States Supreme Court, interpreting the Full Faith and Credit Clause in the landmark case of Williams v. State of North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273 (1942), drew the same important distinction between judgments rendered by sister-states and statutes enacted by the various states.
With regard to statutes, the court said there is room for accommodation among the various interests of the states. But as to judgments, the court stated:
"For this Court has been reluctant to admit exceptions in case of judgments rendered by the courts of a sister state, since the `very purpose' of Art. IV, § 1 was `to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation.'" (317 U.S. at p. 295, 63 S.Ct. at p. 211) See also Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908); Kenney v. Loyal Order of Moose, 252 U.S. 411, 40 S.Ct. 371, 64 L.Ed. 638 (1920); 28 U.S.C.A. § 1738.
In Fauntleroy v. Lum, just cited, the United States Supreme Court enforced a judgment based on a gambling transaction deemed illegal in the state of Mississippi. A judgment arising out of the gambling debt was obtained in Missouri, and thereafter the judgment creditor returned to Mississippi to enforce the judgment. The Supreme Court held that the Missouri judgment was entitled to full faith and *457 credit despite a contrary public policy in Mississippi.
Appellants argue further that the Alabama judgment in this case cannot be given full faith and credit and principles of res judicata do not apply in the instant case because the judgment orders an act of something other than the payment of money. This argument misses the point.
It is true that the Alabama court generally ordered that the parties abide by the terms of separation agreement. Therefore, appellants conclude the judgment was for specific performance only, despite the fact that the specific provisions of the agreement relating to the husband's estate clearly concerned the payment of money. Under the facts of this case, we conclude that the judgment primarily involves the payment of money. See, Aldrich v. Aldrich, Fla. 1964, 163 So.2d 276; Aldrich v. Aldrich, 378 U.S. 540, 84 S.Ct. 1687, 12 L.E.2d 1020 (1964); Holcomb v. Holcomb, Fla.App. 1967, 198 So.2d 32; Taylor v. Taylor, Fla.App. 1972, 258 So.2d 500.
Moreover, even if the judgment did not strictly order the payment of money, the modern trend in the law permits the enforcement of judgments by sister states which order something other than the payment of money. For instance, the rubric found in Section 102 of the Restatement of the Law, Second, Conflict of Law reads:
"Enforcement of Judgment Ordering or Enjoining Act

"A valid judgment that orders the doing of an act other than the payment of money, or that enjoins the doing of an act, may be enforced, or be the subject of remedies, in other states."
(See also, Crane v. Hayes, Fla. 1971, 253 So.2d 435; Puro v. Puro, Fla.App. 1969, 225 So.2d 462.)
The law in this state is settled that once a final judgment at dissolution of marriage is entered, the question of property rights is res judicata for the parties. Vandervoort v. Vandervoort, Fla.App. 1973, 277 So.2d 43; Walborsky v. Walborsky, Fla. App. 1972, 258 So.2d 304; Sistrunk v. Sistrunk, Fla.App. 1970, 235 So.2d 53; McEachin v. McEachin, Fla.App. 1963, 154 So.2d 894; Finston v. Finston, Fla. 1948, 160 Fla. 935, 37 So.2d 423.
In the Finston case, Mr. Justice Terrell wrote the following:
"The rule seems well settled that a final decree in an equity suit settles all property rights of the parties and bars any action thereafter brought by either party to determine the question of property rights. [Citations omitted.]"
The contract to make a will entered into by the decedent in the instant case cannot be separated from the entire written separation agreement which was incorporated into the final divorce decree in Alabama and which is entitled to full faith and credit in Florida.
When the Alabama court incorporated into its final judgment the separation agreement determining the property rights of the decedent and Beatrice, all matters involving the property rights of the parties became res judicata in any subsequent action brought by either party. Clearly the provision respecting the decedent's will, included in the agreement, concerned the property rights of the parties.
Where a court of competent jurisdiction enters a valid divorce decree and therein specifically approves a separation agreement and incorporates it in the decree, the agreement may be said to be valid and enforceable, and collateral attack upon it will not be allowed, even if the agreement is not merged into the decree. Fry v. Fry, 279 App.Div. 122, 108 N.Y.S.2d 227 (1951); Leach v. Leach, 172 Cal. App.2d 330, 341 P.2d 758 (1959); Zachry v. Zachry, 185 Neb. 336, 175 N.W.2d 616 (1970); Harvith v. Harvith, 17 OhioApp.2d 216, 245 N.E.2d 736 (1969). This is also true when the decree is rendered by a sister state and full faith and credit applies. *458 Frost v. Frost, 260 App.Div. 694, 23 N.Y.S.2d 754 (1940); Richards v. Richards, 85 Ga. App. 605, 69 S.E.2d 911 (1952); Hudson v. Hudson, 69 N.J. Super. 128, 173 A.2d 721 (1961); Contra, Curtis v. Curtis, 22 Conn.Sup. 349, 173 A.2d 137 (1960), aff'd 148 Conn. 733, 173 A.2d 140.
We think the words of Justice Musmanno of the Pennsylvania Supreme Court are appropos in the instant situation:
"No one can cancel out his obligations by crossing a State line. His legal obligations travel with him as baggage that he cannot leave behind." Buswell v. Buswell, 377 Pa. 487, 105 A.2d 608 (1954).
In summary, it is our conclusion that the judgments of the courts in Alabama, Florida and New York incorporating and construing provisions of the separation agreement between Beatrice and Samuel Donner preclude the appellants from raising the defense that the contract to make a will was unenforceable under principles of full faith and credit and res judicata.
In all three instances Samuel Donner submitted himself to the jurisdiction of the court. In Florida and New York he entered vigorous defenses to the claims of his ex-wife under the terms of the agreement. In New York, he attacked the validity and legality of the entire agreement. Under these circumstances, it is our opinion that the decedent was afforded ample opportunity to defend against the contract to make a will on the grounds that the same was unenforceable in Florida for lack of the necessary subscribing witnesses or upon any other ground.
Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment appealed, ordering specific performance of the contract to make a will in accordance with the provisions of the Alabama divorce decree, is affirmed.
Affirmed.
CARROLL, Judge (dissenting).
I respectfully dissent from the majority judgment of affirmance, and would reverse.
The appellants rely on § 731.051 Fla. Stat. F.S.A. declaring such agreement to be unenforceable in Florida. The appellees, Beatrice Donner and Edward Donner contend the court properly granted specific performance of the agreement for devises and bequests, notwithstanding enforcement thereof was expressly barred by the Florida statute, because the Alabama divorce judgment operated as res judicata to bar the defendants from asserting that defense. Appellees also contend that the orders entered by courts in New York and Florida, in proceedings subsequent to the divorce, requiring Samuel Donner to pay certain bills and amounts for support as to which he was delinquent, similarly operated as res judicata to bar the defendants in this action from raising the Florida statute as a defense. Additionally, the appellees argue that the necessity to give full faith and credit to the Alabama judgment required rejection of the said defense in this action.
The appellants' reliance on the statute as a bar to the action is well placed. The above contentions of the appellees are without merit, and the trial court committed error in concluding that the Florida statute, declaring such an agreement to be unenforceable in this state, was ineffective because of the Alabama judgment.
Under the doctrine of res judicata a judgment is conclusive as to defenses which were or might have been set up prior to its entry. Florida Real Estate Commission v. Harris, Fla. 1961, 134 So.2d 785, 788, and cases cited in footnote No. 7, at pp. 788-789. However, it necessarily follows that a judgment is not conclusive of a defense which was not set up, and which was not a matter to be set up as a defense in the prior action. McCutchen v. Hillman, Fla. App. 1965, 177 So.2d 893.
*459 The defense asserted in this case is not one that "was or might have been set up" in the divorce action in Alabama. It was a matter or defense to be "set up" after the death of the promisor, if and when an action should be filed for enforcement of the agreement to make a will. The circumstances that gave rise to the defense had not occurred and would not occur until Samuel Donner died, and unless he should fail prior to his death, to make a will as agreed. At the time of the Alabama divorce action it was not known, nor could it have been known that those circumstances could occur, or that Samuel Donner would be domiciled in the State of Florida at the time of his death fourteen years thereafter. What was just said applies with equal force to the proceedings in New York and in Florida, subsequent to the divorce, brought by the wife to recover delinquent support payments and the other payments required to be made by the husband during his lifetime.
For the reasons stated the judgment did not represent a res judicata holding that the devise and bequest agreement is enforceable in Florida notwithstanding § 731.051 Fla. Stat., F.S.A. stating it is not enforceable. The requirement that full faith and credit should be given to the Alabama judgment relates only to those matters which were decided therein, and the Alabama judgment did not deal with or decide that this agreement for devises and bequests as contained in the settlement agreement would be enforceable in another state in spite of a statute of the forum to the contrary, if and when an action should be brought in some other state to enforce the same after the death of Samuel Donner.
The Alabama divorce suit was not and did not include an action for declaratory judgment in these regards. Because the Alabama case did not involve any such issue, it is not necessary to express an opinion as to whether, if such a declaratory judgment had been sought and obtained in the Alabama case it could effectively nullify the law of this state by which this agreement to make a will, being without subscribing witnesses, is unenforceable.
Therefore the contention of the appellees that the defense in question was not available to the defendants in this case, because their right to assert the defense was barred by the Alabama judgment, was clearly without merit. Additionally, as to the appellee Edward Donner, he was not a party in the prior litigation.
Moreover, in this situation the action was on the contract, not on the Alabama judgment. See Coxe v. Coxe, 1935, 20 Del. Ch. 384, 178 A. 104. A contract to make a will is testamentary in character, and as such its validity and enforceability are controlled by the Florida Probate Law. Chase Federal Savings & Loan Ass'n v. Sullivan, Fla. 1961, 127 So.2d 112; Sharps v. Sharps, Fla.App. 1969, 219 So.2d 735, 737. The Florida statute relating to remedy is clear, and by its terms barred enforcement of this agreement to make a will.
Oddly, because he was not called upon for any performance, Edward Donner in his brief made the argument that the judgment should be affirmed on the ground that the Florida statute against enforceability was abrogated by partial performance. What performance, or by whom, was not stated. The brief of the appellee Beatrice Donner did not advance that contention. However, part performance would not operate to vitiate this statute which bars enforcement, although we are aware of a statement to the contrary in an opinion by the second district court of appeal, as a dictum since that case did not concern § 731.051 because the agreement involved there was made prior to the time the statute became effective. See Hagan v. Laragione, Fla.App. 1964, 170 So.2d 69.
Prior to the enactment of § 731.051 Fla. Stat., F.S.A. requiring such agreements to be in writing with subscribing witnesses in order to be enforceable in Florida, agreements of that nature which were oral or in *460 writing (without subscribing witnesses) were enforceable. As to those earlier cases, where an agreement to make a will involved a devise of real estate, it was necessary for such agreement to be in writing signed by the party to be charged in order to satisfy the statute of frauds. When such an agreement to devise real property was oral, but was performed or partly performed by the promisee, it was held that the performance could take the oral agreement out of the statute of frauds, as in the case of an agreement for a conveyance. Then, even without subscribing witnesses, there was no provision of law against its enforcement.
The present statute is in a different category. It is a part of the Florida Probate Law, and, as in the case of wills where the statutory requirements for a valid will must be met in order for it to be admitted to probate, the statute in question prescribes requirements which are necessary for an agreement to make a will, in order for such an agreement to be valid and enforceable in Florida. To hold that part performance by the promisee of an otherwise unenforceable agreement to make a will would make it enforceable against the executors of the promisor would defeat the purpose and intent of the legislation. This is so because in most instances where a person enters into an agreement with another to make a will containing devises or bequests to the latter, it is done in return for some consideration supplied by, or undertaking on the part of the other person, such as to care for the promisor, and in most such instances there is performance, or some performance by the promisee. But it was for the purpose of precluding the enforceability of agreements of that kind, unless they were in writing and with subscribing witnesses, that § 731.051 was enacted.
The fact that the agreement may have been enforceable in the State of New York where it was made, or in the State of Alabama where it was a part of a settlement agreement adopted by the court in the granting of a divorce, would not make it enforceable in Florida where a statute provides otherwise. This court so held in Talmundical Academy of Baltimore v. Harris, Fla.App. 1970, 238 So.2d 161. See Cerniglia v. C. & D. Farms, Inc., Fla. 1967, 203 So.2d 1. In the Talmundical Academy case this court said:
"Appellant urges that the section is not applicable because the copy of the cause of action attached to the complaint shows that the written promise [with no subscribing witnesses] was made in the State of Maryland. The argument is founded upon the principle that the validity of a contract will ordinarily be determined under the law of the place where it is made. See Castorri v. Milbrand, Fla.App. 1960, 118 So.2d 563. Section 731.051 is a part of the Florida probate law. It does not deal with the validity of an agreement but with the enforceability of the agreement in the courts of this state. As such it is a part of the public policy of the state dealing with the kind of claim against an estate that will be allowed or enforced by the courts of the state. It is therefore procedural in nature and is applicable to all actions such as the present one brought in this state. Cf. Fincher Motors, Inc. v. Northwestern Bank & Trust Co., Fla. App. 1964, 166 So.2d 717."
The divorce judgment rendered in Alabama did not purport to, nor could it have had the effect of abrogating the law that remedy is controlled by the lex loci, in this case the Florida law relating to remedy as pronounced in § 731.051 Fla. Stat., F.S.A.
For the reasons assigned I would reverse the judgment, and remand the cause to the trial court with direction to dismiss the complaint.
NOTES
[1] The statute is applicable to agreements made on and after January 1, 1958. The provision therein for the statute to also have retroactive effect has been held to be void. Keith v. Culp, Fla.App. 1959, 111 So.2d 278; Hagan v. Laragione, Fla.App. 1964, 170 So.2d 69.
[2] "The Husband agrees that if the Wife shall survive him and shall not have remarried during his lifetime, he will, by his Last Will and Testament, devise and bequeath to the Wife, outright, one-third (1/3) of his net estate (which is the equivalent of an intestate share of a wife in accordance with the laws of the State of New York presently in force and effect)."
[3] "The Husband agrees that, if his son shall survive him, he will, by his Last Will and Testament, irrevocably devise and bequeath to his said son one-third (1/3) of his net estate, both real and personal, unless other children shall hereafter be born to or adopted by the Husband, in which event the Husband will irrevocably devise and bequeath to said son of the parties hereto a share of his net estate, both real and personal, equal to one-third (1/3) thereof divided by the total number of the Husband's children (including his said son), him surviving."
[4] The above principle of law is not inconsistent with the principle of law enunciated by this court in Sharps v. Sharps, Fla.App. 1969, 219 So.2d 735, holding a contract to make a will to be testamentary in character. That case was concerned with the time when the property which is the subject of the contract vests in the donee-promisee. There is no dispute in this case that the interest of Beatrice in the decedent's estate, as reflected by the separation agreement, vested at any time before the death of the testator.