364 So.2d 753 (1978)
In re ESTATE OF Samuel DONNER, Deceased.
Edward David Donner, Larna Katz Donner, Beatrice Donner, and Ruth Jean Donner, Appellants,
v.
Paul B. Anton et al., Appellees.
Nos. 76-2091, 76-2092, 76-2106 and 76-2232.
District Court of Appeal of Florida, Third District.
October 3, 1978.
Rehearing Denied November 22, 1978.
*754 Dubbin, Schiff, Berkman & Dubbin, Miami, Broad & Cassel and Lewis I. Horwitz, Bay Harbor Island, Sinclair, Louis, Siegel & Heath, Heller & Kaplan, Miami, Amy Linda Steele, North Miami Beach, for appellants.
Abrams, Anton, Robbins, Resnick, Schneider & Mager and David L. Kline, Hollywood, Kelly, Black, Black & Kenny, Miami, for appellees.
Before HAVERFIELD, C.J., and HUBBART and KEHOE, JJ.
HUBBART, Judge.
This is a probate proceeding in which the trial court, after a full hearing, entered an order determining the nature and priority of dower and other claims filed against a decedent's estate in the Circuit Court for the Eleventh Judicial Circuit of Florida. The decedent's surviving spouse and the other claimants appeal.
A preliminary factual background for this case appears in our companion decision of Donner v. Anton, 364 So.2d 742 (Fla.3d DCA 1978) ("Donner I"). Additional relevant facts follow.
There are four principal claimants against the estate of the decedent Samuel Donner: Larna Donner, Ruth Donner, Beatrice Donner, and Edward Donner  all of whom are involved in this appeal. (1) Larna Donner [decedent's surviving spouse and third wife] has perfected a valid dower claim against the estate herein by electing to take dower against the decedent's last will and codicil pursuant to Section 731.35, Florida Statutes (1971), which was then in effect at the time of the decedent's death.
(2) Ruth Donner [decedent's second wife] has a valid claim against the estate for $452,210.74 which represents the amount due and owing by the decedent at his death to Ruth for lump sum alimony arrearages and other bills which the decedent was required to pay under a prior divorce decree involving the decedent and Ruth Donner. In addition, Ruth Donner claims an equitable lien on Larna Donner's dower to satisfy, if necessary, Ruth's one million dollar legacy under the decedent's last will due to an alleged fraud committed by Larna and the decedent in breaching a certain property settlement agreement between the decedent and Ruth Donner, as more fully discussed in Donner v. Anton, 364 So.2d 742 (Fla.3d DCA 1978) ("Donner I").
(3) Beatrice Donner [decedent's first wife] and (4) Edward Donner [decedent's adopted son] have valid claims against the estate herein for one third each of the decedent's net estate. These claims are based on a March 2, 1959, divorce settlement agreement later incorporated into a divorce decree involving the decedent and Beatrice Donner in which the decedent contracted to will Beatrice and Edward Donner the above portions of his estate, an agreement which he breached by failing to so provide in his last will and codicil. By separate suit previously instituted for specific performance on the above contract to make a will, these *755 claims have been adjudicated valid and enforceable against the estate. Donner v. Donner, 302 So.2d 452 (Fla.3d DCA 1974), cert. denied 314 So.2d 151 (Fla. 1975), appeal dismissed 314 So.2d 589 (Fla. 1975).
After a full hearing, the trial court entered an order concluding that Larna Donner's dower rights were prior and paramount to all other claims subject only to an equitable lien in favor of Ruth Donner to satisfy, if necessary, Ruth's one million dollar legacy under the decedent's will. All other claimants were held to be judgment creditors of the estate of equal priority. Beatrice and Edward Donner's claims were determined to be one third of the net distributable estate.

I
We are first met with Larna Donner's contention that the trial court erred in its order on priorities in imposing an equitable lien upon her dower in favor of Ruth Donner. This is the same contention which was made in our companion decision of Donner v. Anton, 364 So.2d 742 (Fla.3d DCA 1978) ("Donner I"). In that case we held that this contention had merit and struck the equitable lien on Larna Donner's dower. For the reasons expressed in that decision, that portion of the order determining priorities herein which imposes an equitable lien upon Larna Donner's dower is also stricken. We hold that no equitable lien or encumbrance of any kind can be imposed upon the surviving spouse's dower under the facts of this case.

II
We now come to the central issue on this appeal, namely, the priority of the contesting parties' claims against the decedent's estate. Ruth, Beatrice and Edward Donner contend for differing reasons that the trial court erred in its order on priorities by treating them all as judgment creditors of equal priority against the estate behind Larna Donner's dower claim. On this aspect of the case, Larna Donner and the estate's personal representative, Paul B. Anton, urge that the trial court committed no error.
Ruth Donner contends that she is a judgment creditor against the estate and that her claims herein should come ahead of Beatrice and Edward Donner on the ground that the latter occupy the same position as legatees of the estate; she also urges that her claim is prior to Larna Donner's dower. Beatrice and Edward Donner jointly contend that they are judgment creditors of the estate with priority over Larna Donner's dower and Ruth Donner's claims on the authority of Donner v. Donner, 302 So.2d 452 (Fla.3d DCA 1974), supra.
We hold that (1) Larna Donner's dower is prior and paramount to the claims of all the contesting parties on this appeal, which dower is unencumbered by any equitable lien in favor of Ruth Donner; (2) Ruth Donner is a judgment creditor against the estate in the amount of $452,210.74 which represents the amount the decedent was in arrearage at the time of his death on alimony and other payments due under the prior divorce decree involving the decedent and Ruth Donner; this claim comes after Larna Donner's dower but prior to Beatrice and Edward Donner's claims; (3) Ruth Donner is a legatee of the estate on the one million dollar legacy bequeathed to her under the decedent's will; this claim comes after Larna Donner's dower and Ruth Donner's $452,210.74 claim but is of equal priority with Beatrice and Edward Donner's claims; (4) Beatrice and Edward Donner must be treated the same as legatees of the estate just as if the decedent had made the legacies to them in his will as he had previously contracted that he would; these claims come after Larna Donner's dower and Ruth Donner's $452,210.74 claim but are of equal priority with Ruth Donner's one million dollar legacy. The trial court's order on priorities on this aspect of the case is therefore affirmed in part and reversed in part as indicated above.

A
For reasons more fully developed in our companion decision of Donner v. Anton, *756 364 So.2d 742 (Fla.3d DCA 1978) ("Donner I"), it is clear that Larna Donner's dower is prior and paramount to the claims of all the contesting parties on this appeal. Her dower is unencumbered by any equitable lien in favor of Ruth Donner and must come prior to satisfying any of the legatees or judgment creditors in this cause. Henderson v. Usher, 125 Fla. 709, 170 So. 846 (1936); Goodwin v. King, 31 Fla. 525, 13 So. 108 (1893).

B
Ruth Donner is clearly a judgment creditor against the decedent's estate in the amount of $452,210.74 because this represents the amount the decedent was in arrearage at the time of his death on alimony and other payments due under the prior divorce decree involving the decedent and Ruth Donner. Indeed, no party on this appeal seriously contests Ruth Donner's claim on this score. The trial court was accordingly correct in treating Ruth Donner as a judgment creditor of the estate as to the above-stated sum of money subordinate to Larna Donner's dower.
By our companion decision in Donner v. Anton, 364 So.2d 742 (Fla.3d DCA 1978) ("Donner I"), Ruth Donner has no equitable lien against Larna Donner's dower to satisfy Ruth Donner's one million dollar legacy under the decedent's will. As to this legacy, absent the above equitable lien, Ruth Donner is clearly a legatee of the estate and must take after Larna Donner's dower but on an equal basis with Beatrice and Edward Donner's claims. The trial court accordingly erred in treating Ruth Donner's legacy as a judgment claim against the estate.

C
Beatrice and Edward Donner must be treated the same as legatees of the estate just as if the decedent made the legacies to them in his will as he had previously contracted to do in the 1959 separation agreement with Beatrice Donner. Surely, these two should not stand in a better position as creditors of the estate when, as here, the decedent failed to do that which he contracted to do. He contracted to make them legatees of the estate and when he failed to do so, both Beatrice and Edward Donner sued for specific performance on the contract. They prevailed in their suit; the judgment was affirmed on appeal. They are accordingly entitled to specific performance on the contract to make a will which in effect puts them in the same category as legatees of the estate. Erwin v. Mark, 105 Mont. 361, 73 P.2d 537 (1937); In re Hoyt's Estate, 174 Misc. 512, 21 N.Y.S.2d 107 (Sur.Ct. 1940). As such, their claims must be treated as having equal priority with the one million dollar legacy of Ruth Donner, but of subordinate priority to Larna Donner's dower and Ruth Donner's $452,210.74 claim. The trial court therefore erred in treating the subject claims as judgment claims against the decedent's estate.
We are unpersuaded by Beatrice and Edward Donner's contention that this court's decision in Donner v. Donner, 302 So.2d 452 (Fla.3d DCA 1974), supra, is res judicata in their favor on the priorities issue now before this court. That issue was in no way involved in the prior Donner case and this court's opinion therein neither decided the issue nor intimated any views thereon. The case decided the validity, not the priority, of Beatrice and Edward Donner's claims against the decedent's estate herein.

III
We have carefully examined the remaining contentions of the appellants herein as against the record and the applicable law and find them to be without merit. We have particularly examined Beatrice Donner's contention that the trial court improperly computed her valid claim of a one third share in the decedent's net estate. Her cited authorities, however, do not convince us that any error was committed by the trial court on this aspect of the case.
The order appealed from is affirmed in part and reversed in part; the cause is remanded for further proceedings consistent *757 with the holdings of this court as indicated above.