KEHOE, Judge.
This is an appeal from an order dismissing the appellant’s complaint with prejudice. We reverse and remand with directions to reinstate the complaint.
The pertinent facts follow: Paul B. Anton, acting as personal representative of the Estate of Samuel Donner, filed suit against the estate’s remaining personal representatives, William I. Donner and Charles Donner,[1] for an accounting of certain profits derived by business interests controlled by the Donners. Anton alleged that these profits were earned in part by loans from another Donner enterprise in which the decedent had a substantial interest. The complaint alleged that as a result of these loans, the assets of the estate have been *758 depleted accordingly, and the Donners have failed to repay the estate for its shares of the loans made, compelling Anton to borrow money at high rates of interest to meet the pressing cash needs of the estate. The complaint further alleged that the Donners breached their fiduciary duty to the estate, acted in a manner detrimental to its interests in order to serve their own personal interests, and wrongfully divested and used funds that were rightfully estate property. The appellant requested that the trial court require the Donners to account for the profits derived, at least in part, by the use of funds belonging to the estate and to enter judgment for all such sums due and owing.
The appellee moved to dismiss the complaint for failure to state a cause of action upon which relief can be granted. Without specifying the grounds for its ruling, the trial court granted the motion to dismiss and dismissed the complaint with prejudice and without leave to amend.
Although the trial court did not state its reasons for dismissing the appellant’s complaint with prejudice, we conclude that it erred on whatever ground it premised its ruling since the appellant had a right to an accounting under the circumstances of this case.
It appears from our review of the record that the trial court dismissed the complaint on the sole ground that it was a collateral attack on a prior order issued by the same judge sitting in the probate division on the proceeding involving the administration of the Donner Estate and the subsequent will contest among the several claimants of the estate assets. [Donner v. Anton, 364 So.2d 753 (Fla.3d DCA 1978) (“Donner II”). That earlier order was a denial of the appellant’s petition to remove the appellee, William I. Donner, as personal representative of the estate. The appellee contended that the denial of the earlier petition was res judicata as to the issues raised in this case. We disagree.
We consider the appellant’s request for an accounting to be a legitimate action in equity and entitled to separate treatment apart from the probate aspects of the case. We find nothing in the probate proceedings which would preclude a separate suit requesting an accounting.
The appellee’s reliance upon our decision in Security Trust Company v. Cannon, 165 So.2d 834 (Fla.3d DCA 1964) is misplaced. Since the reorganization of the judicial system was implemented in 1973, all probate proceedings are under the jurisdiction of the Circuit Courts. The court below had subject matter jurisdiction over the appellant’s complaint notwithstanding the concurrent administration of the Donner Estate in the probate division.
In any event, the trial court cannot dismiss the complaint on the ground of res judicata. It is clear that res judicata is an affirmative defense which is not properly raised by a motion to dismiss but should be pled as part of the answer. Florida Rules of Civil Procedure 1.110(d); Hough v. Menses, 95 So.2d 410 (Fla.1957); and United States Rubber Company v. Lucky Nine, Inc., 159 So.2d 874 (Fla.3d DCA 1964). The appellant is entitled to seek an accounting of the profits allegedly derived in part out of the corpus of the estate.
Reversed and remanded with directions to reinstate the complaint.

. Charles Donner was later permitted to withdraw as personal representative and is not a party to this appeal.