KEHOE, Judge.
This is an interlocutory appeal from an order awarding interim attorneys’ fees of $35,000 to the attorneys for Beatrice R. Donner for their efforts in establishing her claim against the Estate of Samuel Donner. See Donner v. Donner, 302 So.2d 452 (Fla. 3d DCA 1974), cert. denied, 314 So.2d 151 (Fla.), appeal dismissed, 314 So.2d 589 (Fla.1975). This interim award was made pursuant to an order by the Florida Supreme Court awarding attorneys fees to Beatrice in an amount to be determined by the circuit court. Beatrice appeals contending that the interim fee awarded was too low.
The circuit court based its award on quantum meruit for the reasonable value of the services performed by Beatrice’s attorneys at the trial level and later on appeal. It rejected her contention that she was entitled to an interim award of one-third of her expected share of the Donner Estate in accordance with a contingency fee contract that she entered into with her attorneys. She maintained that the estate was obligated to reimburse hér for the value of her attorneys fees under her contingency fee contract as provided for in a 1959 separation agreement she made with the decedent. This agreement required the decedent and his successors to reimburse appellant for all of her costs and expenses, including attorneys fees, incurred in her enforcement action against the estate.
The circuit court expressly rejected appellant’s contention that the estate was required to reimburse her at this time with an interim fee for the legal services she contracted to pay for in her contingency fee contract (i. e. a fee equivalent to one-third of the amount recovered). It ruled instead that her legal fees were to be awarded solely and exclusively upon the basis of a fair and reasonable service for the legal efforts expended in Donner v. Donner, supra. It did not permit any expert testimony regarding a reasonable fee based upon the contingency fee contract.
After giving careful consideration to each of the appellant’s arguments, we affirm the circuit court’s order awarding attorneys fees on the basis of quantum meru-it. We conclude that no abuse of discretion has been shown.
The record shows that the circuit court had before it expert testimony in support of an interim attorneys’ fee award ranging from $30,000 to $200,000. Although the appellant’s attorneys themselves estimated the reasonable value of their services to be a minimum of $250,000, one expert for the estate testified that he did all of the appellate work in Donner v. Donner, supra, for $6000. We cannot say that the lower court’s award was unreasonable and an abuse of discretion in light of this testimony. Klarish v. Cypen, 343 So.2d 1288 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 515 (Fla.1978).
Furthermore, we approve the trial court’s approach in determining an interim fee in quantum meruit. To follow Beatrice’s suggestion and compute an interim attorneys’ fee on the basis of a contingency fee award of one-third of the amount that she may receive at the conclusion of these proceedings is, at best, speculative and could result *763 in payment of an excessive fee. Such a fee should not be computed on an amount unknown at the present time.
We note with approval that the circuit court has reserved jurisdiction to reassess the amount of the appellant’s award when her ultimate recovery becomes known. At that time the true value of her attorneys’ services will be more readily apparent. The nature of her contingency fee contract may properly be weighed in determining the amount of a reasonable fee. It is, however, only one of a number of criteria which should be considered. Universal Underwriters Ins. Co. v. Gorgei Enterprises, Inc., 345 So.2d 412 (Fla. 2nd DCA 1977); cf. Dade County v. Oolite Rock Company, 311 So.2d 699 (Fla. 3d DCA 1975) (holding that proper guidelines were not utilized in determining attorneys fees).
Further, it is our opinion that expert testimony based upon the nature of the attorneys’ fees contract should be allowed when determining the reasonableness of the final award. At present we cannot say that the lower court abused its discretion in awarding an interim attorneys fee of $35,-000 based solely upon quantum meruit.
Affirmed.